﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190917-30989
DATE: April 30, 2020

ORDER

1. Entitlement to an effective date earlier than September 22, 2016 for the grant of service connection for left upper extremity peripheral neuropathy is denied.

2. Entitlement to an effective date earlier than September 22, 2016 for the grant of service connection for right upper extremity peripheral neuropathy is denied.

FINDINGS OF FACT

1. The Veteran’s initial October 1996 claim for service connection for peripheral neuropathy was denied in an April 1997 rating decision based on a finding that the claim was not well grounded. Although the Veteran properly initiated an appeal with the submission of a June 1997 notice of disagreement (NOD), he did not thereafter timely perfect his appeal following the issuance of an August 1997 statement of the case (SOC) that was sent to him at his most recent address of record at the time, and a subsequent statement was not accepted by VA as a timely statement in lieu of a formal substantive appeal. As such, the April 1997 rating decision is final.

2. A subsequent November 2000 claim for service connection for peripheral neuropathy as secondary to type II diabetes mellitus was thereafter denied in an unappealed August 2001 rating decision based on a lack of a current disability of diabetic peripheral neuropathy and current carpal tunnel syndrome (CTS), which VA determined was not etiologically linked to diabetes. The Veteran was properly notified of his appeal rights and he did not thereafter submit a timely NOD to initiate an appeal. As such, the August 2001 rating decision is final.

3. Thereafter, the Veteran’s May 2005 claim for service connection for peripheral neuropathy of the bilateral upper extremities as secondary to type II diabetes mellitus was denied within a December 2005 rating decision, which found that the Veteran had been diagnosed with bilateral CTS that was unrelated to his diabetes. The Veteran was properly notified of his appeal rights and he did not thereafter submit a timely NOD to initiate an appeal. As such, the December 2005 rating decision is final.

4. In October 2006, the Veteran requested to amend his claim to include service connection for CTS as secondary to diabetes. This claim was denied in a July 2007 rating decision which found that the Veteran’s diabetes did not cause or aggravate his CTS. The Veteran was properly notified of his appeal rights and he did not thereafter submit a timely NOD to initiate an appeal. As such, the July 2007 rating decision is final.

5. The Veteran’s most recent application to reopen the claim for service connection for diabetic peripheral neuropathy of the bilateral upper extremities was submitted on September 22, 2016, and the preponderance of the evidence is against an earlier, unadjudicated claim to reopen.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than September 22, 2016 for the grant of service connection for left upper extremity peripheral neuropathy have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400 (2018).

2. The criteria for an effective date earlier than September 22, 2016 for the grant of service connection for right upper extremity peripheral neuropathy have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from June 1967 to March 1970.

These matters come before the Board from a June 2017 rating decision. Thereafter, in October 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP) and elected to have his appeal processed as a supplemental claim. A subsequent February 2018 rating decision continued to deny the Veteran’s claims, after which the Veteran submitted a decision review request for a supplemental claim. In August 2019, VA issued another rating decision which continued the denial of the Veteran’s claims on appeal, after which the Veteran requested direct review of the appeal by the Board in September 2019.

To the extent that the Veteran and/or his representative have attempted to characterize his appeal as involving an assertion of clear and unmistakable error (CUE) within the January 2017 rating decision which granted service connection for the Veteran’s bilateral peripheral neuropathy of the upper extremities, effective September 22, 2016, the Board is mindful that the January 2017 rating decision did not become final and, therefore, it cannot be subject to revision on the basis of CUE. 38 C.F.R. § 3.105(a)(1) (clear and unmistakable error applies to a final decision). As such, the Board analysis herein will focus on whether an effective date earlier is warranted under the relevant statutes and regulations.

1. Entitlement to an effective date earlier than September 22, 2016 for the grant of service connection for left upper extremity peripheral neuropathy.

2. Entitlement to an effective date earlier than September 22, 2016 for the grant of service connection for right upper extremity peripheral neuropathy.

The Veteran claims entitlement to an effective date earlier than September 22, 2016 for the grant of service connection for bilateral upper extremity peripheral neuropathy. However, as discussed below, the Board finds that the preponderance of the evidence of record weighs against the Veteran’s claim. The reasons for this decision follow.

The statutory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C. § 5110 (2012). The general rule regarding effective dates is that the effective date of an award based upon on an original claim or a claim reopened after final adjudication shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. Id. The implementing regulation adds that except as otherwise provided, the effective date of an award of compensation based on an initial claim will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (2018).

The Veteran’s initial claim for service connection for peripheral neuropathy was submitted in October 1996. This claim was subsequently denied in an April 1997 rating decision based on a finding that the claim was not well grounded, as VA determined the evidence did not show that peripheral neuropathy was related to active service. Notably, the Veteran properly initiated an appeal regarding the denial of his claim by submitting a June 1997 NOD; however, he did not timely perfect his appeal following an August 1997 SOC that was sent to his address of record at that time. Although he submitted a subsequent statement asserting that he failed to receive the SOC in time to perfect his appeal, this statement was not accepted by VA as a timely statement in lieu of a formal substantive appeal, as the notice was properly sent to his address of record and he had not provided VA with any new mailing address. As such, the April 1997 rating decision became final.

Thereafter, in November 2000, the Veteran submitted another claim for service connection for peripheral neuropathy as secondary to type II diabetes mellitus. A subsequent August 2001 rating decision granted service connection for type II diabetes mellitus but denied the Veteran’s secondary service connection claim based on the lack of a current disability of diabetic peripheral neuropathy. The rating decision noted that the Veteran’s current carpal tunnel syndrome (CTS) was not etiologically linked to his now service-connected diabetes. Following the August 2001 rating decision, the Veteran was properly notified of his appeal rights; however, he did not thereafter submit a timely NOD to initiate an appeal. As such, the August 2001 rating decision also became final.

Following this, the Veteran’s submitted an additional May 2005 claim for service connection for peripheral neuropathy of the bilateral upper extremities as secondary to type II diabetes mellitus. This claim was denied within a December 2005 rating decision which found that the Veteran had been diagnosed with bilateral CTS which was unrelated to his diabetes. Thereafter, the Veteran was properly notified of his appeal rights; however, he did not submit a timely NOD to initiate an appeal. As such, the December 2005 rating decision also became final.

In October 2006, the Veteran submitted a statement that requested to amend his claim to include a claim for service connection for CTS as secondary to type II diabetes mellitus. A July 2007 rating decision denied this claim as the evidence of record do not show that the Veteran’s CTS was caused or aggravated by his service-connected type II diabetes mellitus. Thereafter, the Veteran was properly notified of his appeal rights; however, he did not submit a timely NOD to initiate an appeal. As such, the July 2007 rating decision also became final.

The Veteran’s most recent application to reopen the previously denied claim for service connection for diabetic peripheral neuropathy of the bilateral upper extremities was submitted on September 22, 2016. A subsequent January 2017 rating decision granted service connection for bilateral upper extremity peripheral neuropathy, effective September 22, 2016, the date of the claim to reopen.

However, following a review of the evidence of record, including as discussed above, the Board finds that the preponderance of the evidence is against the Veteran’s claim for an effective date earlier than September 22, 2016 for the grant of service connection for bilateral upper extremity peripheral neuropathy. Notably, as discussed above, while the record documents several prior claims, each of these prior claims became final, and therefore, they are not subject to revision except on the basis of CUE. Significantly, the Veteran has not asserted CUE within any of these prior final rating decision with the requisite specificity (has not provided a specific date for the final decision, see 38 C.F.R. § 3.105(a)(vii) (requiring a CUE request to include “the date of the decision to which the request relates”).). Moreover, to the extent that the Veteran has attempted to assert CUE within the January 2017 rating decision which granted service connection for the Veteran’s bilateral peripheral neuropathy of the upper extremities, effective September 22, 2016, the Board is mindful that the January 2017 rating decision did not become final and, therefore, it cannot be subject to revision on the basis of CUE. Additionally, the preponderance of evidence does not document an earlier, unadjudicated claim to reopen than the most recent September 22, 2016 claim.

The Board has also considered the implied assertion by the Veteran’s representative within an April 2020 appellant’s brief that an effective date earlier than September 22, 2016 is warranted for service connection for peripheral neuropathy of the bilateral upper extremities based upon an October 2016 VA examination, which documented that electromyography (EMG) testing in March 2016 showed evidence of diabetic polyneuropathy. This is consistent with VA treatment records from March 2016 documenting that EMG testing confirmed diagnoses of bilateral CTS and peripheral diabetic neuropathy. However, the Board finds that, nevertheless, such evidence cannot support the grant of an effective date earlier even to March 2016, as there was no prior claim to reopen prior to September 22, 2016, and the March 2016 VA treatment records cannot constitute an informal claim as of March 2015, all claims must be submitted on VA approved forms.

Given the above, and in the absence of an unadjudicated claim prior to September 22, 2016, when the Veteran submitted his most recent claim application to reopen the previously denied claim for service connection for diabetic peripheral neuropathy of the bilateral upper extremities, the Board finds that the currently assigned effective date of September 22, 2016 is the earliest effective date warranted as a matter of law, and the claim for an effective date earlier than September 22, 2016 for the grant of service connection for bilateral upper extremity peripheral neuropathy must be denied.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Chad Johnson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.